IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH N. ROWE**, | : | Civil Action |
| Plaintiff | : | |
| v. | : | |
| | : | |
| **NIKEMA L. BLUNT**, | : | No.: 26-cv-00777 |
| Defendant | : | |
| and | : | |
| | : | |
| **NEW JERSEY MANUFACTURERS INSURANCE COMPANY**, | : | |
| Defendant | : | |

## I.   PARTIES

1.   Plaintiff, Elizabeth N. Rowe (hereinafter referred to as "Plaintiff"), is an adult individual and a citizen of Pennsylvania who resides at 1412 Arch Street, Norristown, Montgomery County, Pennsylvania 19401.

2.   Defendant, Nikema L. Blunt (hereinafter referred to as "Defendant Blunt"), is an adult individual residing at #8 First Street, Somerset, New Jersey 08873.

3.   Defendant, New Jersey Manufacturers Insurance Company (hereinafter referred to as "Defendant NJM or NJM"), is a corporation registered to do business in Pennsylvania with its principal place of business at 301 Sullivan Way, West Trenton, New Jersey 08628. Defendant NJM may be served through Pennsylvania's Long Arm Statute.

## II.   JURISDICTION AND VENUE

4.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.   Plaintiff is a citizen of Pennsylvania. Defendant Blunt is a citizen of New Jersey.

Defendant NJM is incorporated under the laws of New Jersey with its principal place of business in New Jersey, and is therefore a citizen of New Jersey.

6. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims occurred in the Eastern District of Pennsylvania, which is within this judicial district.

### III. BACKGROUND FACTS

7. This action arises from a single-vehicle motor vehicle collision that occurred on April 12, 2025, at approximately 10:04 p.m. on the Pennsylvania Turnpike (Interstate 76) eastbound in Brecknock Township, Lancaster County, Pennsylvania.

8. At the time of the collision, Defendant Blunt was operating a 2014 Chevrolet Impala, traveling eastbound on the Pennsylvania Turnpike at a rapid rate of speed.

9. Plaintiff was a passenger in the front right seat of the vehicle operated by Defendant Blunt. Plaintiff's sister, Jessica M. Rowe, was also a passenger in the rear right seat of the vehicle.

10. Defendant Blunt lost control of the vehicle she was driving, causing it to strike the concrete median barrier on the left side of the roadway.

11. After striking the median barrier, the vehicle veered across both eastbound lanes, left the roadway on the right side, traveled down a steep embankment, and struck a tree.

12. The vehicle came to rest at the bottom of the embankment, facing south, off the right side of the eastbound lanes of the Pennsylvania Turnpike.

13. As a direct and proximate result of the collision, Plaintiff suffered serious and permanent injuries, including injuries originally of unknown severity, but since been documented in medical treatment records and set forth herein.

14. Plaintiff has no independent recollection of the collision events immediately before, or during the collision, and for some time after due to a head injury and the traumatic nature of the collision.

15. Defendant Blunt's recollection of the events is that another vehicle recklessly, and negligently cut her off and caused her to lose control of the vehicle she was operating.

16. This version by Defendant Blunt is suspected of being inconsistent and unreliable, and is generally uncorroborated by physical facts, and no other reliable eyewitness accounts.

17. The witness statement provided to Pennsylvania State Police and the official police investigation do not corroborate Defendant Blunt's account of the accident. However, the witness was sufficiently far enough behind Defendant Blunt's vehicle to allow a fact finder to believe that the witness may not have seen another vehicle cause this collision. The witness listed gave a statement consistent with a significant impact with the median barrier.

18. The Pennsylvania State Police investigation determined that the prime contributing factor to the collision was "Driver Action - Other Improper Driving Actions" by Defendant Blunt.

19. The police report indicates that environmental and roadway factors did not contribute to the collision. The weather was cloudy, the road surface was dry, and there were no roadway defects or obstructions.

20. As a non-vehicle owner, Plaintiff has no automobile insurance policy of her own.

21. In the event a fact finder believes that Defendant Blunt did in fact cause the loss of control of her vehicle because of the alleged negligence of a motor vehicle that fled the scene, then, Defendant Blunt may be exonerated, and this case then becomes a claim for uninsured motorist coverage.

22.     Plaintiff's first available source of uninsured motorist coverage is through the insurance policy covering the vehicle in which she was a passenger, which was insured by Defendant NJM under Policy Number F506947-1.

### IV.    COUNT I - NEGLIGENCE
### PLAINTIFF V. DEFENDANT BLUNT

23.     Plaintiff incorporates by reference paragraphs 1 through 22 above as though fully set forth herein at length.

24.     Defendant Blunt owed a duty of care to Plaintiff as a passenger in her vehicle to operate the motor vehicle in a reasonable, safe, and prudent manner.

25.     It is believed and averred based on information from observers at the scene of the collision that Defendant Blunt breached her duty of care and therefore was negligent in the operation of her motor vehicle. In that case her conduct was negligt and the direct, proximate, and factual cause of the collision and Plaintiff's resulting injuries.

26.     The carelessness and negligence of Defendant Blunt consisted of, among other things, the following:

    a.    Operating her motor vehicle at a speed that was unsafe for the conditions;
    b.    Failing to maintain proper control of her motor vehicle;
    c.    Failing to maintain her lane of travel;
    d.    Operating her motor vehicle in a distracted manner;
    e.    Failing to operate her motor vehicle as an ordinary, reasonably prudent person would under the same or similar circumstances;
    f.    Driving in a manner that caused the vehicle to strike the concrete median barrier;
    g.    Driving in a manner that caused the vehicle to leave the roadway and travel down an embankment;
    h.    Violating 75 Pa.C.S. § 3309(1), relating to driving on roadways laned for

traffic.

27. As a direct and proximate result of Defendant Blunt's negligence and carelessness, Plaintiff sustained serious and permanent injuries to her body, including but not limited to:

    a. Traumatic brain injury, concussion with post-concussion symptoms;

    b. Bilateral nasal fractures and broken nasal septum;

    c. Facial laceration to the nose with resulting scar;

    d. Fractured left cheekbone;

    e. Left wrist fractures of the ulna & radial bones;

    f. Severe left ankle sprain;

    g. Facial bruising and soft-tissue injuries to both upper & lower extremities;

    h. Aggravation of pre-existing anxiety, and PTSD.

28. As a direct and proximate result of Defendant Blunt's negligence, Plaintiff has been and will continue to be obligated to receive medical attention and care, and has incurred and will continue to incur medical expenses.

29. As a direct and proximate result of Defendant Blunt's negligence, Plaintiff has suffered and will continue to suffer severe physical pain, emotional distress, mental anguish, pain and suffering, loss of enjoyment of life's pleasures, and other non-economic damages.

30. As a direct and proximate result of Defendant Blunt's negligence, Plaintiff has sustained a loss of earnings and earning capacity, which losses may continue into the future.

31. Plaintiff's damages exceed the jurisdictional minimum of this Court.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Blunt in an amount in excess of $75,000, plus interest, costs, and such other relief as the Court deems just and proper.

### V. COUNT II - IN THE ALTERNATIVE
### BREACH OF CONTRACT
### UNINSURED MOTORIST COVERAGE
### PLAINTIFF V. DEFENDANT, NJM

32. Plaintiff incorporates by reference paragraphs 1 through 31 above as though fully set forth herein at length.

33. At the time of the collision, the vehicle operated by Defendant Blunt was insured under a policy of automobile insurance issued by Defendant NJM, Policy Number F506947-1.

34. Said policy provided uninsured motorist coverage with policy limits for both liability, and Uninsured Motorist coverages in the amount of $100,000 per person.

35. Plaintiff is in a conundrum, to believe her friend, Defendant Blunt's version of the events, and bring only a claim against the UM carrier Defendant NJM, or to believe the police investigation, which concluded the fault lies with Defendant Blunt.

36. Upon information and belief, Plaintiff suspects that Defendant Blunt by a preponderance of evidence is the cause of the collision, and thus brings Count I of this Complaint.

37. However, in an abundance of caution, and for the sake of judicial economy brings Count II, as an alternative cause of action because Plaintiff has no independent recall of the events of the collision.

38. As a passenger in the insured vehicle, Plaintiff is required to pursue uninsured motorist coverage under the policy issued by Defendant NJM.

39. Plaintiff has no ability to independently identify or locate the alleged unidentified motorist that Defendant Blunt claims caused the accident.

40. The available evidence, including the witness statement and the police investigation, does not corroborate Defendant Blunt's version of events.

41. In the alternative, and assuming arguendo that Defendant Blunt's account is believed, an unidentified motorist caused Defendant Blunt to lose control of her vehicle,

resulting in the collision and Plaintiff's injuries as set forth in paragraph 27 above.

42. Said unidentified motorist left the scene of the accident without stopping and without providing identification or insurance information.

43. By definition, an unidentified hit-and-run driver who leaves the scene of an accident is an uninsured motorist under Pennsylvania law and the terms of the insurance policy issued by Defendant NJM.

44. Defendant NJM, as the uninsured motorist carrier, is contractually obligated to provide coverage to Plaintiff for injuries caused by the negligence of an uninsured motorist.

45. Under the policy of insurance, Defendant NJM stands in the shoes of the uninsured tortfeasor for purposes of liability and damages.

46. Plaintiff has complied, or will comply with all conditions precedent to recovery under the uninsured motorist provisions of the policy, or such conditions have been waived or excused.

47. Defendant NJM it is believed and averred will refused to pay Plaintiff the uninsured motorist benefits to which she may entitled under the policy until the issue of fault is determined.

48. Defendant has a duty to defend its insured and in the third party claim against Ms. Blunt, and may defend on the basis of her recall of the events . Thus Plaintiff has a reasonable basis to believe that Defendant NJM will not honor a UM claim by Plaintiff.

49. Plaintiff further concedes that she may not recover both third party liability damages against Defendant, Blunt, and then make a claim for Underinsured Motorist coverage arising out of the Defendant Blunt's negligence based on case law and the policy language of NJM's policy of coverage. Therefore, the Defendant NJM is not prejudiced by Plaintiff seeking

double recovery.

50. As a result of Plaintiff's reasonable expectation that Defendant NJM will not honor its UM coverage obligations Plaintiff would be damaged if a fact finder concludes that Defendant Blunt is not at fault, if Defendant NJM is not allowed to be joined as an alternative theory Defendant as a potentially liable party. The damages would be the same under counts I and II and are in excess of $75,000.

51. Plaintiff reserves the right to amend this Complaint to add a claim for bad faith pursuant to 42 Pa.C.S. § 8371 should the circumstances warrant.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant NJM in an amount in excess of $75,000, plus interest, costs, and such other relief as the Court deems just and proper.

          Respectfully submitted,
          MURPHY & DENGLER

By /s/ Frank P. Murphy
    Frank P. Murphy, Esq.
    Attorney for plaintiff

      Attorney I.D. # 25361
      484 Norristown Road, Suite 124
      Blue Bell, PA 19422
      (610) 272-4222
      fpm@fmurphylaw.com